■ In the Matter of Doris Wickel, Appellant, v John Spellman et al., Respondents.—In a proceeding to authorize the petitioner to direct the removal of a nasogastric tube of a person alleged to be permanently unconscious, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Becker, J.), dated February 26, 1988, as dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Because it is now established that "[e]very person has a right to life, and no one should be denied essential medical care" *(Matter of Westchester County Med. Center [O'Connor],* 72 NY2d 517, 530-531), the law requires that before anyone may be denied essential medical care, a petitioner seeking to terminate such care has the burden of proving by clear and convincing evidence that the patient unequivocally demonstrated a firm and settled commitment to the termination of life support under the circumstances presented in the particular case. In sum, the petitioner in this case had the burden of establishing, by clear and convincing evidence, "the most rigorous burden of proof in civil cases", that the individual in question "intended to decline the [life-prolonging] treatment under [the] particular circumstances [presented]" *(Matter of Westchester County Med. Center [O'Connor], supra,* at 531, citing *Matter of Storar,* 52 NY2d 363; *cf., Elbaum v Grace Plaza of Great Neck,* 148 AD2d 244; *see also, Cruzan v Harmon,* 760 SW2d 408 [Mo], *cert granted* — US —, 109 S Ct 3240). Since this burden has not been met in the present case, the proceeding was properly dismissed. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.